## ATWATER FUELS, Inc. v. POCAHONTAS FUEL CO., Inc.

No. 4518.

United States Court of Appeals
First Circuit.

Nov. 28, 1950.

Isador Levin, Fall River, Mass. (Philip Goltz, Fall River, Mass., with him on brief), for appellant.

Seymour P. Edgerton, Boston, Mass. (Bingham, Dana & Gould, Boston Mass., with him on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and FAHY, Circuit Judges.

PER CURIAM.

The plaintiff, Pocahontas Fuel Company Incorporated, brought a civil action in the court below to recover demurrage alleged to have been earned by its vessel S. S. Freeman on a voyage from Hampton Roads, Virginia, to Fall River, Massachusetts, with a cargo of coal for the defendant, Atwater Fuels, Inc. Trial without jury in the court below resulted in a verdict for the plaintiff in the amount alleged as due and owing in the complaint, with interest thereon and costs, and the defendant appealed. Federal jurisdiction under 28 U.S.C.A. § 1332(a) (1), (diversity of citizenship and amount in controversy) is adequately alleged and clearly established by conceded facts.

There is no dispute that the Freeman carried a cargo of coal from Hampton Roads to Fall River for Atwater's account by prearrangement between the parties, or that she was delayed in loading at Hampton Roads beyond the date agreed upon for the voyage by reason of Atwater's failure to provide a cargo. The principal question on this appeal is whether Atwater, in arranging with Pocahontas for the voyage of the Freeman under consideration, undertook any obligation to pay demurrage in the event of delay in loading caused by its failure to provide a cargo.

The parties did not enter into a formal charter party with respect to the voyage of the Freeman with which we are here concerned. That voyage was arranged for between the executive officers of the corporations involved orally, and by supplemental and confirmatory letters. And all that they specifically settled was that the named vessel was to report at Hampton Roads to load a cargo of coal for Atwater on or about a certain date. That is to say, in the arrangements between the parties for this particular voyage no provisions

were made with respect to providing the vessel with a suitable berth, with the amount of space available in the ship for cargo, with the amount of cargo to be carried, or with free time for loading and discharging cargo and for demurrage, and moreover nothing was said with respect to the costs of towing and docking, and loading and discharging, or indeed even with respect to the freight to be charged. Largely on the basis of the sketchiness of the arrangements made by the parties with respect to the Freeman's voyage, but also to some extent on the basis of the relative credibility of opposing witnesses, the District Court concluded as a matter of fact that the parties understood and agreed that that voyage was to be undertaken under the terms and conditions embodied in a certain fully integrated written charter party for a series of like voyages for Atwater by a sister ship of the Freeman owned by Pocahontas named the James Ellwood Jones which the parties had entered into several months before, and which, with oral modifications, was still in force at the time the Freeman made the trip with which we are here concerned. The District Court therefore concluded that demurrage for the Freeman should be computed on the basis provided in the written charter for the computation of demurrage for the James Ellwood Jones, as the plaintiff alleged in its complaint, and consequently the court entered the judgment from which this appeal was taken.

The understanding and agreement of the parties obviously poses a question of fact, and a study of the record discloses ample evidence to sustain the District Court's conclusion. Indeed the conclusion reached below seems to us to be supported by the more persuasive evidence and the clearer and more logical inferences therefrom. Certainly we cannot say that the District Court's ultimate finding is "clearly erroneous". Rule 52(a) Fed.Rules Civ. Proc. 28 U.S.C.A.

In view of this conclusion the appellant's contentions with respect to asserted errors made by the Court below in admitting certain evidence do not call for discussion.

The judgment of the District Court is affirmed.